## BRAZIS, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 3, 1903.

1. **Street Railways:** CARRIER OF PASSENGERS: CONTRIBUTORY NEGLIGENCE. A passenger is not guilty of contributory negligence where, while she was in the act of alighting from a street car, when her left foot was on the lower step and her right foot in the air, at the moment she released her hold of the handrail to step to the ground, the car suddenly started, and she threw herself backward in an effort to remain on the car, and struck her back against the rear end of the vestibule and dropped to the street and was injured.

2. ————: INSTRUCTIONS: CREDIBILITY. There being no conflict, nor inconsistent or contradictory statements in the testimony, and no effort made to impeach any witness, it was proper to refuse an instruction that the jury are the sole judges of the credibility of the witnesses, the probability or improbability of their testimony, and that if they believed any witness had testified falsely, the whole or any part of his testimony might be disregarded.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Crawley, Jamison & Collett* for appellant.

(1) The specific negligence pleaded in the petition was not that the defendant failed to stop the car a reasonable length of time for plaintiff to alight, but that "defendant's agents and servants in charge of the car negligently and carelessly caused said car to be suddenly started forward, and thereby threw plaintiff from said car upon the street." This charge is entirely unsupported by the evidence. Chitty v. Railway, 148 Mo. 64; Bartley v. Railway, 148 Mo. 124; McManame v.

Railway, 135 Mo. 440; Hite v. Railway, 130 Mo. 132; Schneider v. Railway, 75 Mo. 295; Buffington v. Railway, 64 Mo. 246. (2) Under the circumstances the case should have been withdrawn from consideration of the jury, by the giving of defendant's instruction in the nature of a demurrer to the evidence. Jacquin v. Railway, 57 Mo. App. 320; Pryor v. Railway, 85 Mo. App. 367; Saxton v. Railway, 72 S. W. 720; Raming v. Railway, 157 Mo. 477. (3) Instruction number 7 correctly declares the law of contributory negligence, and was amply justified by the testimony of plaintiff herself. Oates v. Railway, 168 Mo. 548; Hogan v. Railway, 150 Mo. 36. The principle announced in defendant's instruction number 8, that negligence is not to be presumed, but must be proved, is elementary. We can conceive of no reason for its refusal.

*Cunningham & Maurer* for respondent.

Muth v. Railway, 87 Mo. App. 422; Gorman v. St. Louis Transit Co., 96 Mo. App. 602; Grace v. Railroad, 156 Mo. 295.

BLAND, P. J.—This appeal is without merit. The uncontradicted evidence is that the plaintiff, a wife, the mother of two children and pregnant with a third, on September 20, 1902, was a passenger on one of defendant's street cars traveling west on Cass avenue in the city of St. Louis. Plaintiff's home was on Fourteenth street two blocks north of Cass avenue. When the car was near the intersection of Cass avenue and Fourteenth street plaintiff pushed the electric button to signal the servants of defendant in charge of the car to stop it at the northwest corner of Cass avenue and Fourteenth street—the usual place of stopping to allow passengers to get off. In response to the signal the car was stopped at the northwest corner of Cass avenue

and Fourteenth street and plaintiff proceeded with reasonable expedition to get off.    While in the act and when her left foot was on the lower step, her right foot in the air, at the moment she released her hold of the handrail to step to the ground, the signal was given and the car suddenly started forward.    To prevent being thrown prostrate on the ground, plaintiff to protect herself and unborn child, threw herself backward in an effort to remain on the car, but she missed the car, struck her back against the rear end of the vestibule and dropped to the street, lighting on her feet, by great effort avoiding a fall.    The shock blinded her for a moment and caused her great pain.    No assistance was offered her and she had to make her way home alone As soon as she reached her home she went to bed, suf fering from pains and was greatly alarmed on account of her condition.    Her pains grew gradually worse until in the afternoon of the following day she realized that she was about to give birth to her child and sent for a physician.

The physician testified that on his arrival her pains were increasing in severity and the child was in the act of being born, and he prepared at once to wait on her in order to save her life, which was in jeopardy at the time; that her condition indicated that she had been losing considerable blood and that there was at the time an internal hemorrhage occurring; that in about an hour after his arrival a child between six and seven months old was born alive; that it was a strong and healthy child, but only lived a few moments; that the shock which plaintiff testified she had received would undoubtedly produce an abortion and that there was no indication that the abortion was brought about from any other cause; that the plaintiff was an unusually well-developed woman and had, when he first visited her, the appearance of being a strong and healthy woman; that an abortion predisposes a woman to another one.

Plaintiff was confined to her bed for two weeks,

after which she was able "to be up and around," but she testified that she had lost much in both flesh and strength and had not fully recovered either.

The defendant offered no evidence, but offered a demurrer to plaintiff's evidence which the trial court very properly overruled.

The contention of defendant is that the plaintiff is responsible for her injuries, because, forsooth, when by the negligence of the defendant's servants she was suddenly placed in a situation where she would be thrown out into the street if she made no effort to save herself, and she made the effort but failed of her purpose, she should bare the blame and suffer the consequences of her failure.

Defendant then offered the following instructions which the court refused:

"6. If the jury find from the evidence that plaintiff's fall from defendant's car was not the result of a sudden starting forward of the same after it had come to a stop and while plaintiff was in the act of alighting therefrom, but that her fall from said car, if you find from the evidence that she did fall therefrom, was the result of a blow from the railing or end of said car, then plaintiff can not recover and your verdict will be for the defendant.

"7. If, from the evidence, the jury believe that both the plaintiff and the servant of defendant operating its car, were equally guilty of negligence, which directly contributed to the accident and injury complained of, then your verdict should be for the defendant.

"8. The jury are instructed that negligence can not be presumed, and the burden is on the plaintiff to prove by the greater weight of the evidence that her injuries, if you find she was injured, were due to the negligence of defendant's servants.

"9. The jury are the sole judges of the weight of the evidence and the credibility of the witnesses, and in determining the same you may consider the interest,

if any, which any witness may have in the result of the trial, his manner upon the stand, and the probability or improbability of his testimony, in connection with all the facts and circumstances in the case. If you believe that any witness has willfully sworn falsely to any material fact in the case, you are at liberty to disregard the whole or any part of such witness's testimony.''

There is not a ray of evidence in the record tending to prove that plaintiff was guilty of contributory negligence; on the contrary, the evidence is all one way that her conduct was prudent, cautious and even heroic and but for the gross negligence of defendant's servants in starting the car before she had time to get off, the misfortune would not have happened. No witness was contradicted by any other witness. There is no conflict in the testimony. No witness made any inconsistent or contradictory statements, though they were all rigidly cross-examined. No effort was made to impeach any one of them. In this state of the case on what theory of law the jury should be invited to go outside of the evidence to find some imaginary ground upon which to discredit a witness, as they were asked to do so by defendant's refused instruction No. 9, is beyond our comprehension. The instruction was properly refused. Hartpence v. Rogers, 143 Mo. 623. The instructions given by the court fairly and fully presented the issues to the jury. We discover no material error in them.

The judgment of $2,500 is moderate and manifestly for the right party, and is affirmed. *Reyburn* and *Goode, JJ.,* concur.